NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRAHAM PARMAN,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.   23-35557

D.C. No. 3:22-cv-05916-GJL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge

Submitted November 19, 2024[**]
Seattle, Washington

Before:  McKEOWN, H. A. THOMAS and DESAI, Circuit Judges.

Graham Parman appeals the district court's order affirming the agency's

denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

On appeal, Parman disputes the administrative law judge's ("ALJ") evaluation of: (1) Parman's subjective testimony as to his mental impairments; (2) a consultative psychological evaluation by Dr. William R. Wilkinson; and (3) a "Review of Medical Evidence" by Dr. Luci Carstens. Parman asserts that the ALJ did not provide legally sufficient reasons to partially discount the above sources in the disability evaluation process. We disagree.

Parman first argues that the ALJ failed to articulate specific, clear, and convincing reasons for discounting Parman's subjective testimony. This standard "requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). However, it does not require ALJs "to perform a line-by-line exegesis of the claimant's testimony" or "to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

Here, the ALJ provided several specific, clear, and convincing reasons to conclude that Parman's mental impairments were not as severe as Parman alleged. The ALJ found that Parman's mental health treatment was "routine, conservative, and not indicative [of] chronic, disabling psychological symptoms," noting that, although Parman participated in counseling sessions, he was not prescribed

psychotropic medications for his mental health impairments[1] nor required

emergency treatment or hospitalization for mental health crises. "When objective

medical evidence in the record is inconsistent with the claimant's subjective

testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*,

53 F.4th at 498 (italics omitted).

The ALJ also found that Parman's counseling notes indicated that his

subjective psychological complaints were in response to ongoing family conflict,

rather than an organic disease process. Although Parman disagrees with this

characterization, where the evidence "is susceptible to more than one rational

interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950

F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679

(9th Cir. 2005)). The ALJ also noted that no treating or examining clinician

described Parman as exhibiting chronic mental disturbances that would be

persuasive evidence of disabling psychological symptoms. "Although lack of

medical evidence cannot form the sole basis for discounting pain testimony, it is a

factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at

681. Thus, the ALJ provided legally sufficient reasons to partially discount

---

[1] Although Parman disputes the ALJ's finding that he was not prescribed psychotropic medications for his mental health, the record shows that he was placed on Venlafaxine "for a physical health issue," not a mental health issue.

Parman's subjective testimony.

Parman next argues that the ALJ did not provide legally sufficient reasons for partially discounting the limitations set forth in a consultative psychological examination by William R. Wilkinson, EdD. For claims filed after March 27, 2017, as here, the ALJ must articulate how persuasive he finds each medical opinion, analyzing its supportability and consistency with the record. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). These regulations displaced this court's prior caselaw, which required an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *See id.* at 787, 792. Now, to discredit any medical opinion, an ALJ must simply provide an explanation supported by substantial evidence. *See id*.

The ALJ's analysis of Dr. Wilkinson's opinion meets this bar. In discounting Dr. Wilkinson's assessment of Parman's limitations, the ALJ cited Dr. Wilkinson's heavy reliance on Parman's subjective allegations and other medical evidence in the record contradicting those assessed limitations. Because the ALJ properly discounted Parman's subjective testimony, it was rational for the ALJ to also discount Dr. Wilkinson's opinion for relying on that testimony. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been

4

properly discounted." (internal quotation marks omitted)).

The ALJ also noted that Dr. Wilkinson's own examination report and objective observations constitute "persuasive evidence that [Parman] possesses the ability to perform fulltime work activity." A medical opinion's inconsistency with both the medical record and the doctor's own "unremarkable mental status examinations" is sufficient to uphold an ALJ's rejection of a medical opinion. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (internal quotation marks omitted).

Finally, Parman argues that the ALJ did not provide legally sufficient reasons for partially discounting the limitations set forth by psychological consultant Luci Carstens, PhD, in a "Review of Medical Evidence." Dr. Carstens only reviewed Dr. Wilkinson's report and determined that Parman has the same limitations as those listed by Dr. Wilkinson. In evaluating Dr. Carstens's opinion, the ALJ explicitly adopted the reasoning he offered with respect to Dr. Wilkinson's report. Because substantial evidence supports the ALJ's evaluation of Dr. Wilkinson's opinion, it follows that substantial evidence also supports the ALJ's consideration of Dr. Carstens's opinion.

**AFFIRMED.**